```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

NORTH AMERICAN ELEVATOR        :      CIVIL ACTION
SERVICES                       :
                               :
           v.                  :
                               :
1996 PAVILION ASSOCIATES, L.P. :      NO. 07-5131
```

MEMORANDUM

Bartle, C.J.                                         April 4, 2008

Plaintiff North American Elevator Services ("NAES") has sued defendant 1996 Pavilion Associates, L.P. ("Pavilion"), a limited partnership, for breach of contract, unjust enrichment, and violations of the Contractor and Subcontractor Payment Act, 73 Pa. Stat. Ann. § 501 et seq.  Before the court is the motion of Pavilion to dismiss plaintiff's complaint under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

Pavilion asserts under Rule 12(b)(1) of the Federal Rules of Civil Procedure that this court lacks subject matter jurisdiction because of the absence of diversity of citizenship between the parties.  Under 28 U.S.C. § 1332(a)(1), a federal district court "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States ...."  The United States Supreme Court has long interpreted § 1332(a)(1) to require "complete diversity," which is achieved when no plaintiff is a citizen of

the same state as any of the defendants.  See Lincoln Property Co. v. Roche, 546 U.S. 81, 84, 89 (2005).

Under Rule 12(b)(1), "[t]he party asserting diversity jurisdiction bears the burden of proof ....  A party generally meets this burden by proving diversity of citizenship by a preponderance of the evidence."  McCann v. Newman Irrevocable Trust, 458 F.3d 281, 286 (3d Cir. 2006) (citations omitted).  We note that "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims."  Petruska v. Ganon Univ., 462 F.3d 294, 302 n.3 (3d Cir. 2006) (citations and internal quotations marks omitted).

"[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  Id. § 1332(c)(1).  Plaintiff NAES has alleged and provided documentation to demonstrate that it is a Connecticut corporation with its principal place of business in that state.  Thus, plaintiff is deemed a citizen of Connecticut for purposes of diversity jurisdiction.

The rule is different for a limited partnership such as Pavilion.  For the court to have subject matter jurisdiction under § 1332(a)(1) over an action where a limited partnership is a party, the general partner and all limited partners must have diverse citizenship from the opposing party.  Carden v. Arkoma

Assocs., 494 U.S. 185, 195 (1990).  The complaint is silent regarding the identity or citizenship of Pavilion's general or limited partners, and NAES has provided no supporting affidavits or other evidence containing this information.  NAES has simply submitted a Pennsylvania Department of State Business Filing establishing that defendant is a limited partnership authorized to conduct business in the Commonwealth of Pennsylvania and a Dun & Bradstreet search result confirming the defendant's business location in Pennsylvania.  This is insufficient for the court to determine the citizenship of a limited partnership.

The evidence necessary to make an informed determination on subject matter jurisdiction is clearly in the defendant's possession.  Yet, Pavilion has not come forth with any information concerning the citizenship of its partners.  In the interest of justice, we will require Pavilion to file and serve within 30 days an affidavit identifying the names and citizenship of its general partner and limited partners at the time the complaint was filed so that the court can decide whether it has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1).  In the meantime, the pending motion will be held in abeyance.

```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

NORTH AMERICAN ELEVATOR        :      CIVIL ACTION
SERVICES                       :
                               :
     v.                        :
                               :
1996 PAVILION ASSOCIATES, L.P. :      NO. 07-5131
```

ORDER

AND NOW, this 4th day of April, 2008, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that defendant 1996 Pavilion Associates, L.P. shall file and serve within 30 days an affidavit identifying the names and citizenship of its general partner and limited partners at the time the complaint was filed so that the court can determine whether it has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1).  In the meantime, the pending motion to dismiss will be held in abeyance.

BY THE COURT:

/s/ Harvey Bartle III
                                                  C.J.